**Date signed April 26, 2005**



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | : | |
| Ella M. Kohlheim | : | Case no. 02-10340-PM<br>Chapter 7 |
| | : | |
| Debtor. | | |

### MEMORANDUM OF DECISION

This case comes before the court on the application of Regency Savings Bank, FSB, an oversecured creditor, for allowance of post-petition interest, attorneys' fees and costs together with fees to the trustees conducting the foreclosure. The court will allow the compensation and reimbursement sought in full but will disallow the trustee's commissions.

As an oversecured creditor, that is that the value of the property securing its claim is in excess of the amount owed to it, Regency may be allowed interest and costs pursuant to 11 U.S.C. §506(b). <u>United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.</u>, 484 U.S. 365, 372-73 (1988). Debtor opposes this Motion, arguing that the fees requested are "outrageous" given the amount of the claim at issue and that payment of the substitute trustee's commission would result in a double payment to Regency's counsel. The court agrees with the position of Debtor with respect to the issue of allowing commissions to the law firm members

serving as trustees.  However, the fees and reimbursement of expenses are another issue.  This case has gone on for more than three years.  A large portion of the fees requested resulted from Regency's reaction to Debtor's activities rather than a proactive creditor's lawyer seeking to manufacture legal work.  The additional legal effort on the part of Regency's attorneys and the interest accrued are attributable to Debtor's refusal to face the realities of this case.  Indeed, Debtor would have emerged from this case in far better financial shape by cooperating with rather than warring with Regency.  Debtor opposed each of Regency's four motions for relief from stay.  The court conducted full days hearings on several of the motions for relief from stay, one of which Debtor failed to attend.  Following two of the decisions granting relief from stay, Debtor filed a motion to vacate and a motion to reconsider.  Most certainly, an arms' length sale would have produced a greater return at a lesser cost.  There is no reason to believe that Regency would not have agreed to a proposition providing such a result.

      Therefore, the court will grant the motion, and allow Regency the requested $247,217.22 in fees, costs and expenses, plus post-petition interest on Regency's secured claim through the date that the foreclosure proceeding audit is ratified by the Circuit Court for Prince George's County, Maryland.  The court denies Regency's request for the substitute trustee's commission.  An appropriate order will be entered.

cc:    Richard Costella, Esq.
        Richard Gins, Esq.
        Debtor
        Office of the United States Trustee

**End of Memorandum of Decision**